IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| TERENCE IGNACIO, | ) | CV. NO. 11-00516 SOM-BMK |
| | ) | |
| Plaintiff, | ) | FINDINGS AND |
| | ) | RECOMMENDATION THAT |
| vs. | ) | DEFENDANTS' BILL OF COSTS |
| | ) | BE GRANTED IN PART AND |
| COUNTY OF HAWAII, et al. | ) | DENIED IN PART |
| | ) | |
| Defendants. | ) | |
| | ) | |
| _____ | ) | |

FINDINGS AND RECOMMENDATION THAT DEFENDANTS'
BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART

Before the Court is Defendants County of Hawaii, Hawaii Police Department, and Harry S. Kubojiri's Amended Bill of Costs (Doc. # 115.) After careful consideration of the Amended Bill of Costs, the supporting and opposing memoranda, and the attached documentation, the Court FINDS and RECOMMENDS that the Amended Bill of Costs be GRANTED IN PART and DENIED IN PART.[1]

As recounted in the Order Granting Defendants' Motion for Summary Judgment On All Claims, Plaintiff sued Defendants for wrongful termination based

---

[1] Pursuant to Rule LR7.2(d) of the Local Rules of Practice of the United States District Court for the District of Hawaii ("Local Rules"), the Court elects to decide this matter without a hearing.

on a collective bargaining agreement and various state law provisions, and also for violating the First, Fifth, and Fourteenth amendments of the United States Constitution. (Doc. # 111 at 1-2.) The Court granted Defendants' motion for summary judgment on all counts, and entered judgment in favor of Defendants (Doc. # 112.)

Defendants then filed their first bill of costs (Doc. # 113.) Plaintiff objected because: 1) Defendants did not meet and confer prior to filing the bill of costs; 2) travel expenses are not recoverable under 28 U.S.C. § 1920; and 3) Defendants did not itemize their request for the costs of their deposition transcripts. (Doc. # 114 at 1-3.) In response, Defendants filed an amended bill of costs, in which they attached invoices for their deposition transcripts, clarified that they were seeking travel costs under HRS § 607-9, and stated that they had consulted with Plaintiff prior to filing the bill of costs. (Doc. # 115.) The Court provided Plaintiff with leave to file new objections, and Plaintiff objected on the grounds that the amended bill of costs was untimely and that some of Defendants' travel costs were unreasonable. (Doc. # 123.)

Under the Local Rules of the United States District Court of the District of Hawaii ("Local Rules"), taxable costs shall be taxed under Federal Rules of Civil Procedure Rule 54(d), and a bill of costs shall be filed no later than

fourteen days after the entry of judgment.  Local Rule 54.2(b).  Although courts have discretion to award costs pursuant to FRCP Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  <u>White v. Sabatino</u>, Civ. No. 04-00500 ACK-LEK, 2008 WL 4112779, at *2 (D. Haw. Sept. 3, 2008).  Local Rule 54.3 establishes a separate procedure for obtaining attorneys' fees and non-taxable costs.

       The Court concludes that Defendants' amended bill of costs was timely filed.  Defendants timely filed their initial bill of costs within fourteen days after entry of judgment.  (Docs. ## 112, 113).  Plaintiff asserts that Defendants' amended bill of costs is untimely because it was filed twenty days after the entry of judgment.  However, Local Rule 54.2(b) does not prohibit a party from filing an amended bill of costs after it has submitted a bill of costs within the fourteen day deadline.  Because the amended bill of costs merely supplements the initial bill of costs, the Court concludes that the amended bill of costs is timely.  See <u>Agster v. Maricopa County</u>, 486 F. Supp.2d 1005, 1021 (D. Ariz. 2007) (holding that a second motion for attorneys' fees was timely filed where it merely supplemented a timely request).

       Defendants' deposition transcript costs are granted because they are taxable costs under 28 U.S.C. § 1920.  Local Rule 54.2(f) allows the taxation of

costs for deposition transcripts "necessarily obtained for use in the case." The transcripts in this case were obtained for trial preparation, and Defendants have attached copies of the invoices for those transcripts. Therefore, the Court GRANTS Defendants' request for deposition transcript costs.

As Plaintiff points out, § 1920 does not allow the recovery of travel costs. Botelho v. Hawaii, Civ. No. 06-00096 DAE-BMK, 2009 WL 1649728, at *1 (D. Haw. June 9, 2009) (quoting Yasui v. Maui Elec. Co., 78 F. Supp.2d 1124, 1130 (D. Haw. 1999)). Defendants' reliance on HRS § 607-9 to procure travel costs is also procedurally improper, because Defendants should have filed a motion for non-taxable costs. However, because the Court will eventually have to dispose of this issue, the Court addresses the request for non-taxable costs under HRS § 607-9. See White v. Sabatino, Civ. No. 04-00500 ACK-LEK, 2008 WL 4112779, at *5 (D. Haw. Sept. 3, 2008) (addressing non-taxable costs in bill of costs even though Defendant should have filed a motion for non-taxable costs).

HRS § 607-9 allows travel costs to the prevailing party. ("All actual disbursements, including but not limited to, intrastate travel expenses for witnesses and counsel . . . sworn to by an attorney or a party, and deemed reasonable by the court may be allowed in taxation of costs."). Plaintiff has not argued that HRS § 607-9 does not allow Defendants to collect their travel costs. Instead, Plaintiff

argues that Defendants' costs are not reasonable because they should be limited to one attorney. (Doc. # 123 at 2-3.) Plaintiff has not produced any authority indicating that costs are only awardable for one attorney. Therefore, the Court concludes that the bulk of the travel costs are reasonable. However, Defendants' rental of two cars to attend a court hearing is not reasonable. Therefore, the Court deducts $41.88 from Defendants' request. (Doc. # 115, Ex. 1.) Defendants' Amended Bill of Costs is granted in all respects except for their request for a second rental car for the 10/7/2011 hearing.

## CONCLUSION

For the foregoing reasons, the Court FINDS and RECOMMENDS that Defendants' Amended Bill of Costs be GRANTED IN PART and DENIED IN PART. The Court awards Defendants $3,465.56 in costs.

DATED: Honolulu, Hawaii, May 31, 2013.

IT IS SO FOUND AND RECOMMENDED.



  /S/ Barry M. Kurren
Barry M. Kurren
United States Magistrate Judge

Ignacio v. County of Hawaii, Civ. No. 11-00516 SOM-BMK, FINDINGS AND RECOMMENDATION THAT DEFENDANTS' BILL OF COSTS BE GRANTED IN PART AND DENIED IN PART